## In re Anonymous No. 37 D.B. 88

Disciplinary Board Docket no. 37 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

McDONALD, *Member*, January 19, 1989—Pursuant to rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court.

## HISTORY OF PROCEEDINGS

Respondent, [  ], was suspended by the Supreme Court of Pennsylvania pursuant to rule 214(d), following respondent's conviction for unlawful possession of cocaine, marijuana and drug paraphernalia in violation of the Controlled Substance, Drug, Device, and Cosmetic Act, 35 Pa.C.S. §780-101, et seq. In accordance with the court's directive, formal proceedings were then pursued by chief disciplinary counsel before this board. In its complaint, disciplinary counsel charged violations of Disciplinary Rule 1-102(A)(3) — dealing with a lawyer engaging in illegal conduct involving moral turpitude, and Disciplinary Rule 1-102(A)(6) — dealing with conduct that adversely reflects on a lawyer's fitness to practice law.

In approximately July 1986, respondent was charged with four counts of violation of the Controlled Substance, Drug, Device, and Cosmetic Act. He pled guilty to possession of cocaine, possession of marijuana, and possession of drug paraphernalia. He was tried non-jury on the fourth count, possession of cocaine with intent to deliver, and was acquitted of that charge. Thereafter, on February 11, 1988, respondent was sentenced to one year of probation on each count to run concurrently conditioned upon continued drug rehabilitation efforts. The underlying offenses and resulting convictions were the subject of the formal proceedings heard by Disciplinary Hearing Committee [  ], consisting of

[  ]. Formal charges were filed by disciplinary counsel on May 27, 1988 and heard by the committee on August 30, 1988. The report of the hearing committee was filed on September 12, 1988, recommending a three-month suspension effective November 11, 1988, which would thereby terminate with the apparent conclusion of respondent's period of probation.

## FINDINGS OF FACT

The board substantially adopts the findings of fact of the hearing committee as follows:

(1) Petitioner, whose principal office is located at 300 North Second Street, Harrisburg, Pa., is invested, pursuant to rule 207 of the Pennsylvania Rules of Disciplinary Enforcement (hereafter Pa.R.D.E.), with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [   ], Esq., was born in 1953, admitted to practice law in the Commonwealth of Pennsylvania in 1979 and resides at [   ].

(3) On April 20, 1988, the Supreme Court of Pennsylvania entered an order directing that, as a result of respondent having been convicted in the Court of Common Pleas of [  ] County of three counts of violation of the Controlled Substance, Drug, Device, and Cosmetic Act, 35 Pa.C.S. §780-101, et seq., respondent be immediately suspended from the bar of the commonwealth pursuant to rule 214(d), Pa.R.D.E., and that the matter be referred to the disciplinary board pursuant to rule 214(f), Pa.R.D.E., for the institution of formal proceedings.

(4) On July 10, 1986, a four-count information was filed in the Court of Common Pleas of [   ] County at Criminal Action no. [   ].

(a) Count 1 charged respondent with possession with intent to deliver cocaine, in violation of the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §780-113(a)(30).

(b) Count 2 charged respondent with knowingly and intentionally possesing a controlled substance, namely, cocaine, in violation of the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §780-113(a)(16).

(c) Count 3 charged respondent with possession, for personal use, of less than 30 grams of marijuana, in violation of the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §780-113(a)(31).

(d) Count 4 charged respondent with possession of drug paraphernalia, in violation of the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §780-113(a)(32).

(5) On November 20, 1987, respondent pled guilty to counts 2, 3, and 4 of the information.

(6) On February 11, 1988, [   ] County Court of Common Pleas Judge [A] sentenced respondent to probation for one year, to run concurrently as to counts 2, 3 and 4, and that respondent continue to participate in his drug counseling program.

(7) The aforesaid conviction of respondent constitutes an independent basis for discipline, pursuant to rule 203(b)(1), Pa.R.D.E.

(8) On November 20 and November 23, 1987, respondent was defendant in a non-jury trial before Judge [A] in the Court of Comon Pleas of [   ] County in the case captioned *Commonwealth of Pennsylvania v. [Respondent],* filed at Criminal Action no. [   ].

530

(a) The trial was in regard to count 1 of the information referred to in the foregoing (paragraph 4, *supra*) concerning the charge of possession of cocaine with intent to deliver.

(b) On November 23, 1987, respondent was adjudicated not guilty of that charge by Judge [A].

(9) During the course of that trial, respondent testified in his own defense.

(a) Respondent admitted, during direct examination, that he was addicted to cocaine at the time of his arrest and that he was "doing cocaine . . . five or six days a week . . . ."

(b) Respondent admitted, during direct examination, that he purchased "an eighth of an ounce [of cocaine]. per week, which would have been 3.5 grams per week or perhaps, on the other hand, was provided to me by clients in lieu of fees."

(c) Respondent admitted, during direct examination, that his cocaine addiction was costing him "upwards of $300 a week."

(10) Following respondent's arrest on the charges which led to the proceedings in the Court of Common Pleas of [   ] County described above, respondent ceased his use of cocaine and has not since that time used cocaine.

(11) Respondent sought treatment for drug dependency from the [B] Clinic, a drug treatment clinic located at [   ].

(12) [Respondent] contacted [B] Clinic on June 5, 1986 and requested treatment for cocaine abuse. He was seen for individual weekly counselling sessions until September 23, 1986, when he moved to the [ ' ] area. Weekly urine drug screens were taken from July 1, 1986 to September 23, 1986 and all of them showed results of "none detected."

(13) The counselor responsible for weekly counselling reported to the Court of Common Pleas of

[   ] County that [respondent] was cooperative and receptive to treatment and that he appeared to be gaining insight into his substance abuse.

(14) After returning to [   ], respondent could not afford private treatment, as recommended by his treatment counselor in [   ].

(15) Instead, [respondent] joined Narcotics Anonymous and has participated in weekly meetings from the time of moving to [   ] until the present time.

(16) [Respondent] was employed as a staff attorney at [C] from October 1986 until December 1987. At the time [respondent] was hired at [C], the form which was used by them requested no information about his then pending criminal problems. [Respondent] did not volunteer any information, since he held out hopes at that time that pretrial motions might terminate the criminal proceedings.

(17) [D], Esq. testified that he had been [respondent's] supervising attorney from February 1987 to December 1987. At that time, [respondent] was employed in the [   ] Office for [C].

(18) After [respondent's] plea was entered in the Court of Common Pleas, he informed his employer of the criminal charges and of his plea.

(19) [Respondent] informed the Office of Disciplinary Counsel of his criminal convictions.

(20) [D] reported that he had to review [respondent's] work and that he saw him on a daily basis. [D] testified that [respondent] performed his work promptly and that at no time while [respondent] was employed at [C] did he receive any client complaint about [respondent's] work. He also testified that following the time that [respondent] left [C] he did not receive complaints from clients. He further testified that it has been his experience that client complaints do occur with some frequency when files are

being transferred from one lawyer to another. From his testimony, it was clear that [D] regarded [respondent's] work as being exceptional.

(21) [D] recommended that [respondent] be retained as an employee of [C] notwithstanding his guilty plea to the charges in the Court of Common Pleas of [    ] County.

(22) [E], Esq. testified as a witness on behalf of [respondent].

(23) [E] was regional partner for [C] responsible for all lawyers practicing out of the eight offices of [C] in the [    ] region. He reviewed [respondent's] work and found that it had been of excellent quality. He stated that [respondent] was a very productive lawyer and that his work had exceeded in all categories the expectations which they had of him. [E] further testified that he had never received a client complaint with respect to [respondent's] work. [E] recommended to his superiors that [respondent] be retained by the firm following the entry of his guilty plea.

(24) When the recommendations of [D] and [E] were overruled and [respondent] was discharged, [respondent] was fully cooperative in the transition of cases to the new lawyers assigned to represent them. [E] found [respondent's] files to be in good shape and found that transition on the cases was easy because of the good organization of the files and the assistance of [respondent].

(25) [Respondent] continued to assist in the transfer of cases even after he was off the payroll.

(26) [E] would recommend that [respondent] be rehired by [C].

(27) During the period of time since December 1987, [respondent] has worked part-time as a laborer and has sought other employment. He has continued to read the [    ] Legal Journal and the Penn-

sylvania Bar Quarterly and visits the law library where he does read the advance sheets.

(28) The board is satisfied, based on all of the testimony, that no client matters were mishandled as a result of [respondent's] addiction to cocaine.

(29) The board is satisfied that as a result of the arrest, [respondent] sought treatment and that he has rehabilitated himself. He has not used controlled substances since June 1986 and he performed work from October 1986 through December 1987 which demonstrates his ability to practice competently and appropriately.

(30) The board is satisfied that [respondent] is fit to practice law at the present time.

## CONCLUSIONS OF LAW

The board substantially adopts the conclusions of law of the hearing committee as follows:

(1) Respondent's conduct, as described in the foregoing findings of fact violated Disciplinary Rule 1-102(A)(6) (involving conduct that adversely reflects on a lawyer's fitness to practice law).

(2) Respondent's conviction of criminal offenses at Criminal Action no. [ ] in the Court of Common Pleas of [ ] County warrants discipline pursuant to rule 203(b)(1) Pa.R.D.E.

(3) Respondent's conduct did not violate Disciplinary Rule 1-102(A)(3) (involving moral turpitude).

## DISCUSSION

The conduct of respondent is clearly a violation of Disciplinary Rule 1-102(A)(6) (involving conduct that adversely reflects on a lawyer's fitness to practice law). His conduct in using cocaine and marijuana on a regular basis in violation of the laws of the Commonwealth of Pennsylvania adversely re-

flects upon his fitness to practice law. The board, however, agrees with the hearing committee that Disciplinary Rule 1-102(A)(3) (involving moral turpitude) has not been established under the facts of this case.

Respondent has not used drugs since June 1986. From September 1986 until December 1987, after his move from the [ ] area to [ ], Pennsylvania, respondent worked for [C] and, according to his supervisors, performed admirably. He participated in a private drug rehabilitation program from June 1986 until September 1986 in [ ], and then has continued his rehabilitation efforts with Narcotics Anonymous while residing in [ ].

Considering the seriousness of the crimes for which respondent was convicted, as well as all factors in mitigation, this board believes a suspension from April 20, 1988, the effective date of the Supreme Court's order imposing an interim suspension, through February 10, 1989, or the satisfactory completion by the respondent of his court-imposed probation, whichever is the later, is appropriate.

## RECOMMENDATIONS

(1) That respondent, [ ], be suspended from April 20, 1988, the effective date of the Supreme Court order imposing interim suspension, through February 10, 1989, or satisfactory completion of respondent's court-imposed probation, whichever is the later.

(2) That respondent, [ ], be granted leave to immediately file a petition for reinstatement and institute proceedings thereon.

(3) That respondent, [ ], be required to pay the costs of these proceedings.

Messrs. Keller and Eckell did not participate in this adjudication.

## ORDER

And now, February 13, 1989, upon consideration of the report and recommendations of the disciplinary board dated January 19, 1989, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth, commencing April 20, 1988, through February 10, 1989, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to rule 208(g), Pa.R.D.E.